{¶ 166} I respectfully dissent with regard to the majority's decision as to appellant's second assignment of error. As to the second assignment of error, the majority held that the jury was "irreparably tainted" from the appellant's taped reference *Page 55 
to a polygraph test that was inadvertently played for the jury. The majority claims this is so because, even following the curative instruction, the jurors asked several questions relating to appellant taking a polygraph test. First, after reviewing the jury questions, the trial court, with agreement of the parties, offered a second curative instruction. There is no evidence to suggest that the jurors failed to follow the second instruction. As stated by the majority, absent evidence to the contrary, a jury is presumed to follow the court's instructions. State v. Henderson (1988), 39 Ohio St.3d 24, 33.
 {¶ 167} Further, the portion of the tapes which contained the unredacted statement or statements was not preserved and made a part of the record before this court. Reviewing the transcript, it appears that the tape was stopped after the first mention of a polygraph; however, it is unclear whether that is the case or whether the entire tape was played and only one polygraph reference erroneously remained. It is axiomatic that a party asserting an assignment of error has the responsibility of supporting it with evidence from the record. SeeNatl. City Bank v. Beyer (2000), 89 Ohio St.3d 152, 160. Accordingly, absent evidence of what the jury actually heard, we cannot say that the trial court abused its discretion when it denied appellant's motion for a mistrial. Accordingly, I would find that appellant's second assignment of error is not well-taken and I would affirm the trial court's judgment. *Page 1